## THE CAPE FRANKLIN. THE B. F. GUINAN. THE ASHBOURNE.

District Court, E. D. New York.
May 3, 1929.

Bigham, Englar & Jones and Andrew J. McIlhenney, both of New York City, for libelant.

John R. McMullen, of New York City, for the B. F. Guinan.

Macklin, Brown, Lenahan & Speer and Paul Speer, both of New York City, for the Ashbourne.

972

INCH, District Judge.

The coal boat Cape Franklin was injured on April 18, 1924, by a collision, about 2 o'clock in the afternoon, with the barge Guinan. The tug Ashbourne had tied up both of these boats. Libelant, owner of the Cape Franklin, has sued both the Guinan and the tug.

The master of the Guinan was not produced as a witness. The testimony of the master of the Cape Franklin was offered in the form of a deposition. The captain and deck hands of the Ashbourne were witnesses at the trial.

■ From the evidence it seems that at the time in question the Ashbourne had earlier in the day taken the Cape Franklin into the dump slip at Port Reading, on the south side of the slip, one boat length ahead of the dumper, outside of two other boats. She was light. Later in the day the Ashbourne took the Guinan from coal dock No. 2 Port Reading and placed her in the north side of pier No. 3 between the dump slip about midway up the slip.

The captain of the Ashbourne testifies, as well as his deck hands, that the Guinan was properly tied up. One of the deck hands of the tug put out the head line, and the master of the Guinan put out a stern line. After the Guinan was tied up, the Ashbourne left.

There was a strong southeast wind blowing into the slip at a "little angle." After the Ashbourne had left, the Guinan swung into, and collided with, the Cape Franklin. I find no fault on the part of the Ashbourne. The claim of the libelant is that the Ashbourne left the Guinan hanging on one line, and that she swung into the Cape Franklin. This I do not find to be so.

As I have said, the master of the Guinan was not a witness. Counsel for the Guinan says he had looked for him, but could not locate him.

There is evidence that this master "eased up" his line after the Ashbourne left. The reasonable inference is that this master loosened his lines and brought about the collision. The Cape Franklin was stationary and properly moored. The Guinan was required to explain satisfactorily how she came to collide with this stationary boat.

This was not explained, on the theory that the Ashbourne left her in an unsafe condition, for, having tied the boat up properly and departed, the responsibility of the tug

had ceased. There is satisfactory evidence that she was so tied up.

■ The only other explanation is that to which counsel for the Guinan devoted considerable time. This is by denying that there was a contact between the two boats. This was based upon measurements and calculation. We have the positive testimony of the master of the Cape Franklin that there was this collision (The Fin MacCool [C. C. A.] 147 F. 123, Boston Ins. Co. v. Mesick [D. C.] 286 F. 531), and, where we have direct testimony of this kind, it generally controls what has been termed "nice calculations." The John Craig (D. C.) 66 F. 596.

Moreover, considering the testimony of the master of the Cape Franklin and all the testimony in the record, it is most probable and likely that the collision was caused by the carelessness of the master of the Guinan rather than that the captain of the Ashbourne, an experienced captain, should be so exceedingly careless, under the weather conditions, as to leave the Guinan swinging at the end of the line. The Black Diamond (C. C. A.) 273 F. 811.

Accordingly, I dismiss the libel as to the tug Ashbourne and direct a decree in favor of libelant against the Guinan.